IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LaSHAWN GOOD, #32917,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 21-cv-01249-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL, MARK WITZ,** | ) |
| **ST. CLAIR COUNTY CIRCUIT COURT,** | ) |
| **and MR. HIZMANN,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff LaShawn Good, an inmate at St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff seeks money damages for constitutional deprivations that resulted from the denial of medical treatment for a broken jaw he sustained in an inmate attack on May 30, 2021. (*Id*. at 6). He also seeks release from custody following the dismissal of charges in St. Clair County Case Nos. 20-CF-1244-01, 20-CF-1244-02, 20-CF-1244-03, and 20-CF-1244-04. (*Id*.).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## Discussion

This Court must evaluate the substance of Plaintiff's claims to determine if he has brought them pursuant to the correct statute when invoking 42 U.S.C. § 1983. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). If Plaintiff is challenging the conditions of his confinement at the Jail, then a civil rights action provides him with an avenue to the monetary relief he seeks. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). If he seeks release from unlawful confinement, Plaintiff should instead file a motion in his pending criminal case, a direct appeal of the criminal judgment, a petition for post-conviction relief, or a petition for writ of habeas corpus. *Graham*, 922 F.2d at 381.

In his Complaint, Plaintiff brings two claims. His first claim is for the denial of medical care for a broken jaw he sustained at the Jail. His second claim is for release from custody following the dismissal of all charges against him. The two claims fall into different categories.

Plaintiff's first claim for constitutional deprivations resulting from the denial of medical care is appropriately brought in this civil rights action under 42 U.S.C. § 1983. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of unconstitutional conditions of confinement and denial of medical care brought by prisoners (*i.e.*, Eighth Amendment) and pretrial detainees (*i.e.*, Fourteenth Amendment) under 42 U.S.C. § 1983). Before he can proceed with the claim in this Section 1983 suit, Plaintiff must file an amended complaint naming the individuals who denied him medical care as defendants in the case caption, and he must also describe what each defendant did to violate his constitutional rights in the body of the complaint. Merely naming a potential defendant without describing his or her misconduct is not enough. Likewise, describing the misconduct of

individuals who are not identified as defendants is insufficient. Plaintiff must do both. He shall have an opportunity to re-plead his medical claim in this action by filing a First Amended Complaint, if he wishes to do so.

Plaintiff's challenge to his current confinement cannot be pursued under 42 U.S.C. § 1983. Section 1983 is not available to attack a pending criminal case or to obtain release from confinement. Plaintiff should instead pursue all available defenses in his criminal case. If he is unhappy with the results, he may bring a direct appeal or file a post-conviction petition in state court. Plaintiff may separately challenge the fact or duration of his confinement by filing a petition for writ of habeas corpus against the warden or other official who has custody of him.[1] 28 U.S.C. §§ 2241, 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

The Clerk's Office shall be directed to provide Plaintiff with a blank civil rights complaint form, for use in re-pleading his medical claim in this action, and blank petitions for writ of habeas corpus under 28 U.S.C. § 2254 and § 2241, for use in challenging his current custody by filing a separate habeas action in federal court. These forms are offered only as a courtesy and do not require Plaintiff to pursue relief in federal court or preclude him from pursuing relief in state court.

## Disposition

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The Clerk's Office is **DIRECTED** to **SEND** Plaintiff a blank civil rights complaint form, petition for writ of habeas corpus under 28 U.S.C. § 2241, and petition for writ of habeas corpus under 28 U.S.C. § 2254.

---

[1] "The writ, or order to show cause shall be directed to the person having custody of the person detained." *See* 28 U.S.C. §§ 2242, 2243. *See also Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DISMISSED without prejudice**. He has demonstrated no efforts to find an attorney on his own before asking the Court for help. Moreover, his demonstrated ability to plead his claims coherently and competently outweighs any barrier to self-representation posed by his lack of knowledge of the law. Plaintiff identifies no other barriers to self-representation in his motion (*e.g.*, educational, medical, mental health, language, *etc*.).

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 24, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g) because the underlying complaint is dismissed for failure to state a claim for relief.

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 21-cv-1249-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of

whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/26/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**