IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LaSHAWN GOOD, #32917, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01249-JPG |
| | ) |
| DOCTOR MARCOWITZ | ) |
| and ST. CLAIR COUNTY JAIL | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff LaShawn Good on November 15, 2021. (Doc. 12). Good is an inmate at St. Clair County Jail ("Jail"). He brings this action pursuant to 42 U.S.C. § 1983 for the denial of medical care for injuries he sustained in an inmate attack on or around May 30 2021. (*Id*. at 6-8). Following the attack, Good was taken to Memorial Hospital, where he was diagnosed with a broken jaw, broken nose, and missing teeth. When he returned to the Jail with treatment instructions, Doctor Marcowitz refused to follow the prescribed course of treatment, resulting in permanent injuries and excruciating pain. (*Id*.). Good now seeks monetary relief against the doctor and the Jail. (*Id*. at 9).

This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**Discussion**

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* First Amended Complaint:

> **Count 1:** Defendants denied Good adequate medical care for the broken jaw, broken nose, lost teeth, and related injuries and pain he sustained in an inmate attack at the Jail on or around May 30, 2021, in violation of his rights under the Fourteenth or Eighth Amendment.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Although it unclear whether Good was a pretrial detainee or convicted prisoner when his claims arose, Count 1 survives preliminary review against Doctor Marcowitz under both standards. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of denied medical care brought by prisoners (*i.e.*, Eighth Amendment) and pretrial detainees (*i.e.*, Fourteenth Amendment) under 42 U.S.C. § 1983). Good's exact legal status can be determined as the case proceeds. Count 1 shall receive further review against Doctor Marcowitz.

However, the Jail is not a "person" or "state actor" subject to suit under Section 1983. Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). Under Illinois law, the county jail is not considered a suable entity. *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019). Accordingly, Count 1 shall be dismissed with prejudice against St. Clair County Jail.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 12) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** against Defendant **MARCOWITZ** will receive further review. However, **COUNT 1** against Defendant **ST. CLAIR COUNTY JAIL** is **DISMISSED** with prejudice for failure to state a claim for relief against this defendant.

**The Clerk's Office is DIRECTED to TERMINATE the Jail as defendant in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **MARCOWITZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12), and this Memorandum and Order to Defendant's place of employment as identified by Good. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Good, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 12) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Good, and the judgment includes the payment of costs under Section 1915, Good will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Good is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/17/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Good is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Good need not submit any evidence to the court at this time, unless otherwise directed by the Court.